UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE JAMES FRANCIES,<br>    Plaintiff,<br>  v.<br>NORTON & MELNICK, APC,<br>    Defendant. | No. C 20–08952 WHA<br><br>**ORDER RE PLAINTIFF'S OBJECTIONS TO DEFENDANT'S ANSWER** |

    Plaintiff raises several objections to defendant's answer to the complaint. Plaintiff contends that defendant has violated the "Attorney Code of Ethics" because defense counsel Mark Dawson falsely answered the complaint. Plaintiff further argues that Dawson's role representing defendant creates a conflict of interest because of his involvement in the facts underlying plaintiff's claim. Dawson served as the managing attorney of defendant law firm. Plaintiff further contends that Dawson was "present in the office at the time the [alleged] incidents had occurred" and that he "played a significant role" in the at-issue termination (Br. at 1). Plaintiff requests summary judgment in its favor in light of these objections.

    Though plaintiff refers to an "Attorney Code of Ethics," he does not point to any portion of the Rules of Professional Conduct that defendant has violated. It is not an impermissible conflict of interest for a member of defendant law firm to represent it, even if the attorney was involved in events underlying this lawsuit. Plaintiff also represents himself despite being part of the events that led to the lawsuit. Neither form of representation violates a rule.

    Nor does plaintiff describe what part of the answer is false. Simple disagreement with defendant's version of events does not entitle plaintiff to relief.

Summary judgment would not be the proper remedy at this procedural juncture or for the types of issues that plaintiff raises. Relief during discovery (for instance, when a party refuses to respond to a reasonable discovery request) should be sought in the form of a motion to compel discovery in compliance with Rule 37 of the Federal Rules of Civil Procedure. Relief related to misconduct may be made with a motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. Local Rules 11-6 and 11-7 deal with attorney discipline for unprofessional conduct (accessible at https://www.cand.uscourts.gov/rules/civil-local-rules/). Under Rule 11-6, if the judge has cause to believe an attorney has engaged in the unprofessional conduct set out in Rule 11-6(b), the attorney may be referred to the Court's Standing Committee on Professional Conduct or to the Chief District Judge. Plaintiff may also report violations of the Rules of Professional Conduct to the Bar Association for the state in which the attorney is licensed. Relief regarding administrative matters such as scheduling and filing documents under seal can be sought in accordance with Local Rule 7-11.

No case management conference has been noticed. A telephonic case management conference is hereby set for **DECEMBER 16, 2021, AT 11:00 AM**. Instructions for accessing the case management conference can be found at https://www.cand.uscourts.gov/judges/alsup-william-wha/. The case management conference will set the deadlines for defendant to file a motion to dismiss the complaint and, at a later date, for either side to file a motion for summary judgment after the deadline for discovery.

Plaintiff is reminded that resources for pro se litigants can be found online at https://cand.uscourts.gov/pro-se-litigants/. The Legal Help Center can also provide assistance.

**IT IS SO ORDERED.**

Dated: November 16, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE